IN THE SUPREME COURT OF THE STATE OF DELAWARE

TAHLAL WAL-IKRAM, formerly §
known as ROBERT POTTS, §
§ No. 365, 2023
 Defendant Below, §
 Appellant, § Court Below—Superior Court
§ of the State of Delaware
 v. §
§ Cr. ID No. 1709011232 (N)
STATE OF DELAWARE, §
§
 Appellee. §

Submitted: February 9, 2024
Decided: March 20, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

(1) The appellant, Tahlal Wal-Ikram,[1] has appealed the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61. After careful consideration of the parties' briefs and the record, we affirm the Superior Court's judgment.

(2) After a jury trial, the Superior Court convicted Wal-Ikram of various drug- and firearm-related offenses, including possession of a firearm by a person prohibited ("PFBPP"). The charges arose after Wilmington Police Department

---

[1] The defendant-appellant, formerly known as Robert Potts, legally changed his name to Tahlal Wal-Ikram. We have included the appellant's former name in the caption for consistency with the Superior Court records. Like the Superior Court, however, we refer to him in this order by his current name.

Detective Rosaio conducted a traffic stop of a vehicle that Wal-Ikram was driving and ultimately seized a gun and drugs. Wal-Ikram was represented by counsel through trial and sentencing but chose to represent himself on appeal. This Court affirmed on direct appeal.[2]

(3) Wal-Ikram then filed a timely motion for postconviction relief. The Superior Court granted Wal-Ikram's motion for appointment of postconviction counsel. On November 7, 2022, Wal-Ikram's postconviction counsel moved to withdraw, indicating that she had not identified any grounds for postconviction relief that she could ethically advocate. After further briefing from Wal-Ikram and the State and an expansion of the record to include affidavits from pretrial and trial counsel, the Superior Court denied the motion for postconviction relief and granted postconviction counsel's motion to withdraw.

(4) Wal-Ikram has appealed to this Court. In the postconviction proceedings in the Superior Court, Wal-Ikram asserted various claims of ineffective assistance of pretrial and trial counsel. In his opening brief on appeal, he asserts that his trial counsel provided ineffective assistance by failing to have evidence of a prior conviction excluded from presentation to the jury.[3]

---

[2] *Potts v. State*, 2019 WL 7369199 (Del. Dec. 30, 2019).

[3] By not asserting arguments relating to matters other than the evidence of his prior conviction in his opening brief on appeal, Wal-Ikram has waived review of those claims. *See Harris v. State*, 2014 WL 3883433, at *2 (Del. July 29, 2014) ("An appellant must state the merits of an argument in his opening brief or that argument will be waived." (citing DEL. SUPR. CT. R. 14(b)(vi)(A)(3))).

(5) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[4] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[5] The Court considers the procedural requirements of Rule 61 before addressing any substantive issues.[6] Wal-Ikram's claim of ineffective assistance of counsel is not procedurally barred.[7] To the extent that Wal-Ikram asserts a claim of prosecutorial misconduct arising from the admission of the evidence of the prior conviction that is independent of his ineffective-assistance claim, that claim is procedurally barred because he did not assert it in the proceedings leading to the judgment of conviction.[8]

(6) In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) his defense counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.[9] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[10] A defendant must also

---

[4] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

[5] *Id.*

[6] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).

[7] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("[I]neffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgement of conviction under the Superior Court's rules and this Court's precedent.").

[8] DEL. SUPER. CT. CRIM. R. 61(i)(3).

[9] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[10] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

make concrete allegations of actual prejudice to substantiate a claim of ineffective assistance of counsel.[11]

(7)     Wal-Ikram had previously been convicted of drug-related felonies in 2007 and 2008. The defense strategy was to demonstrate that, although Wal-Ikram had previously been involved with drugs, he had committed to personal and spiritual change, including through a symbolic and legal name change and seeking a pardon for his past offenses. Specifically as to the PFBPP charge, Wal-Ikram's defense was that he believed that he was permitted to possess a firearm because he believed his past convictions had been pardoned and he had lawfully purchased the gun at a sporting goods store after completing the required background check. To enable Wal-Ikram to present his defense without disclosing to the jury the drug-related nature of the prior convictions, the parties stipulated that Wal-Ikram had been convicted of a felony on June 8, 2007, and on October 16, 2008, rather than, as is more typical, stipulating that he was a person prohibited.

(8)     During the colloquy preceding Wal-Ikram's election to testify, the State represented that cross-examination regarding his prior convictions would be limited to the fact that he had two prior convictions and the dates of those convictions and would not address the nature of the prior convictions. During direct examination, however, Wal-Ikram's counsel asked him whether he had "ever sold drugs," to

---

[11] *Bradley v. State*, 135 A.3d at 760.

4

which Wal-Ikram responded "no." The State then requested a side-bar and argued that Wal-Ikram's testimony opened the door to cross-examination regarding the drug-related nature of the prior convictions. Defense counsel argued that, rather than permitting such cross-examination, the court should instruct the jury not to consider the question and answer at issue, or counsel should be permitted to clarify that his question had been intended to inquire whether Wal-Ikram had sold drugs within the few days before he was arrested for possession of the drugs at issue, not whether he had sold drugs at any earlier time. The court determined that defense counsel could clarify the testimony through continued direct examination, but that the State would be permitted to cross-examine Wal-Ikram regarding the nature of the prior convictions. During the continued direct examination, defense counsel asked Wal-Ikram whether his prior convictions included a conviction for selling drugs, to which he responded that "[i]t was more of a maintaining [a] dwelling." On cross-examination by the State, Wal-Ikram conceded that he had been convicted on June 8, 2007, of possession with intent to deliver. Aside from posing the question regarding the nature of the past convictions and eliciting the affirmative response, the State did not "dwell" on the prior conviction.[12]

---

[12] *Cf. Johnson v. State*, 2004 WL 5579821, at \*2 (Del. July 20, 2004) (discussing case law addressing whether a prosecutor "dwells" on a prior conviction as one consideration when determining whether admission of evidence of a prior conviction without conducting a balancing analysis under Delaware Rule of Evidence 609(a) constituted plain error).

(9)     Wal-Ikram claims that his trial counsel provided ineffective assistance by posing a question that opened the door for the State to introduce evidence that Wal-Ikram had previously been convicted of drug-related crimes.  The Superior Court found that counsel was not ineffective, accepting counsel's statement in his affidavit that the question regarding prior drug sales was posed as part of the trial strategy to show Wal-Ikram as a reformed man and that counsel did not expect Wal-Ikram to respond untruthfully.[13]  The Superior Court also determined that Wal-Ikram was not prejudiced by the introduction of evidence of the prior drug-related conviction, because the court instructed the jury that a witness's prior conviction could be considered only for purposes of assessing the witness's credibility.

(10)     Although not ideal, we conclude that counsel's direct examination regarding whether Wal-Ikram had ever sold drugs does not provide a basis for postconviction relief.  The defense strategy was to show that, although Wal-Ikram had engaged in criminal activity in the past, he had changed.  Wal-Ikram planned that strategy with counsel and had been warned of the risk that electing to testify might open the door to questions about his prior convictions, but he chose to give an untruthful answer to the question about his past drug activity.  Under these

---

[13] In his affidavit, defense counsel admitted that he posed an "inartful" question in an attempt to show that Wal-Ikram at one time sold drugs but was no longer engaged in such activities and that he possessed drugs at the time of the offense at issue in this case solely for personal consumption. Counsel stated that he "fully expected Mr. Wal-Ikram would admit that he at one time during his 'former life' sold drugs but, instead, he denied that fact."

circumstances, Wal-Ikram has not overcome the strong presumption that counsel's representation was professionally reasonable. Moreover, after careful consideration of all the evidence presented, and in light of the instruction limiting the jury's use of evidence of past crimes to considering credibility, we conclude that Wal-Ikram has not shown that there is a reasonable probability that, but for the introduction of the evidence regarding the nature of Wal-Ikram's prior convictions, the result of the proceeding would have been different.[14]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[14] *Cf. Drumgo v. State*, 2012 WL 1377596, at *2 (Del. Apr. 17, 2012) (rejecting claim that counsel was ineffective because he allowed the prosecutor to question the defendant about a prior weapon conviction without asking the trial court to conduct a balancing test under Rule 609(a), holding that "we cannot conclude that . . . counsel's oversight of that error was prejudicial when first, the jury was already aware that Drumgo was a person prohibited from possessing a deadly weapon, and second, the trial judge gave an appropriate limiting instruction").